Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone:  907-277-9511
Facsimile:   907-276-2631
Email:        jamiesonb@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DEETT A. COYLE and EDWARD COYLE,<br><br>         Plaintiffs,<br><br>v.<br><br>COLASKA, INC.; and ALASKA RAILROAD CORPORATION,<br><br>         Defendants, | Case No. A05-0221 CV (RRB)<br><br>**ALASKA RAILROAD'S<br>ANSWER AND COUNTERCLAIM** |

  COMES NOW intervener/defendant Alaska Railroad Corporation ("ARRC"), by and through counsel, and for its answer to plaintiffs' second amended complaint, states and alleges as follows:

  1. ARRC is without information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and so the same are denied.

  2. ARRC is without information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and so the same are denied.

  3. Paragraph 3 is admitted.

  4. Regarding Paragraph 4, ARRC admits that the plaintiff's property is located in whole or in part within ARRC's railroad right of way property.  ARRC is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and so the same are denied.

  5. Regarding Paragraph 5, ARRC admits that defendant Colaska, Inc. is the owner and operator of a gravel pit which shares a common boundary line with the plaintiffs, and that the gravel

pit is adjacent to and operates loading and transportation facilities in part within a ARRC right of way and other ARRC property pursuant to an Industry Track Agreement and a separate Land Use Permit.

COUNT I

6.   To the extent Paragraph 6 contains any allegations against ARRC, the same are denied.

7.   To the extent Paragraph 7 contains any allegations against ARRC, ARRC is without information sufficient to form a belief as to the truth of the allegations, and so the same are denied.

8.   To the extent Paragraph 8 contains any allegations against ARRC, ARRC is without information sufficient to form a belief as to the truth of the allegations, and so the same are denied.

9.   Paragraph 9 is denied.

COUNT II

10.   Regarding Paragraph 10, ARRC admits that defendant Colaska, Inc. constructed a tipple and associated machinery to load gravel directly onto railroad cars, and admits that the tipple is used on a near daily basis during the construction season at times twice per day, and, when defendant Colaska, Inc.'s construction projects demand it, occasionally at night.  ARRC is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and so the same are denied.

11.   ARRC is without information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and so the same are denied.

12.   ARRC is without information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and so the same are denied.

13.   ARRC is without information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and so the same are denied.

14.   To the extent Paragraph 14 contains any allegations against ARRC, the same are denied.

15.   Paragraph 15 is denied.

16.   Paragraph 16 is denied.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

## AFFIRMATIVE DEFENSES

By way of further answer and affirmative defenses, ARRC states as follows:

1. Plaintiffs' complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiffs' damages, if any, were caused, in whole or in part, by plaintiffs' own negligence or willful conduct.

3. Plaintiffs' damages, if any, were caused, in whole or in part, by third parties over whom ARRC has no control.

4. Plaintiffs have failed to mitigate their damages, if any.

5. Plaintiffs' complaint is barred by the equitable doctrines of laches, waiver, estoppel and unclean hands.

6. Plaintiffs' have failed to join indispensable or necessary parties, including the State of Alaska, Department of Transportation and Public Facilities.

7. This court is without jurisdiction to accord complete relief because defendants' operations involved in this matter are entirely privileged, and state and local jurisdiction and regulation of defendants' operations involved in this matter are entirely preempted by federal law, including the Interstate Commerce Commission Termination Act.

8. This court cannot grant the relief requested without abridging ARRC's contracts, rights and operation of its lawfully granted right of way, and without violating the Interstate Commerce Commission Termination Act, including but not limited to 49 U.S.C. § 10501(b)(2). Said regulation of ARRC and its operations lies exclusively with the Surface Transportation Board.

9. The operations at the gravel pit predated plaintiff's ownership of the subject property, and are therefore privileged to continue.

10. The relief sought by plaintiffs would constitute unjust enrichment to them at the expense of ARRC.

11. Plaintiffs' claims are barred because they "moved to the nuisance."

12. Plaintiffs' claims are barred for those additional reasons set forth with particularity and extensively briefed in defendant Colaska, Inc.'s Opposition to Motion for Preliminary Injunction dated August 22, 2005.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

13. ARRC is immune from plaintiffs' claims pursuant to AS 09.50.250 and AS 42.40.900(b).

14. ARRC reserves the right to add additional affirmative defenses as may be discovered through future discovery.

## COUNTERCLAIM

Counterclaimant ARRC hereby states and alleges its counterclaim against plaintiffs as follows:

1. Plaintiffs have placed and erected structures, improvements and personal property on ARRC's railroad right of way property. *See* Exhibit A (September 23, 2005, letter to plaintiff's co-counsel, Melinda D. Miles, and attached as-built survey).

2. Plaintiffs' structures, improvements and personal property are encroaching and trespassing on ARRC's railroad right of way without right, privilege or consent. Plaintiffs' encroachment and trespass are unlawful and may not be maintained or continued under the law.

3. ARRC is entitled to have its railroad right of way clear of all of plaintiffs' encroaching and trespassing structures, improvements and personal property.

4. ARRC is entitled to judgment against plaintiffs as follows:

    a. An order from this court requiring plaintiffs, at their own expense, to completely and permanently remove from ARRC's railroad right of way all of plaintiffs' encroaching and trespassing structures, improvements and personal property of any kind whatsoever.

    b. An award to ARRC of damages from plaintiffs' encroachment and trespass, in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, having answered plaintiffs' second amended complaint, and having set forth its affirmative defenses and counterclaim, ARRC prays for relief as follows:

1. That plaintiffs' complaint be dismissed in its entirety and with prejudice, and that plaintiffs take nothing thereby.

2. That ARRC be granted the relief requested in its counterclaim.

3. That ARRC be awarded its costs, including reasonable attorneys' fees, incurred in the defense of this action and in prosecution of its counterclaim.

4.    For such further relief as this court deems equitable and just.

DATED this 3rd day of January, 2006.

                                                   LANE POWELL LLC
                                                 Attorneys for Alaska Railroad Corporation

                                                 By   s/Brewster H. Jamieson
                                                     Brewster H. Jamieson, ASBA No. 8411122

I certify that on January 3, 2006, a copy of the foregoing was served by mail on:

Douglas C. Perkins, Esq.
Hartig, Rhodes, Hoge & Lekisch
717 K Street
Anchorage, Alaska 99501-3397

David J. Schmid, Esq.
Law Offices
500 L Street, Suite 503
Anchorage, Alaska 99501-1295

  s/Nanci L. Biggerstaff, CPS, PLS
113951.0010/152859.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Alaska Railroad's Answer and Counterclaim**
*Coyle v. Colaska, Inc., et al.*  (A05-0221 CV (RRB))         **Page 5 of 5**