
**LANE POWELL**
ATTORNEYS & COUNSELORS

Brewster H. Jamieson, Esq.
Direct Dial (907) 264-3325
JamiesonB@LanePowell.com

September 23, 2005

**VIA FAX AND MAIL**

Melinda D. Miles, Esq.
William F. Tull & Associates
634 South Bailey Street, Suite 201
Palmer, Alaska 99645-6397

Re: *Coyle v. Colaska*
Our File No. 113951.1

Dear Melinda:

This will acknowledge receipt of your letters of September 19, 2005.

The "first" letter of that date deals with the issue of intervention. Unfortunately, we received this letter after our pleading (styled as an "unopposed motion") regarding intervention was done. Based on your letter, it appears that our motion should not be styled "unopposed" and we will file a notice with the court to this effect.

The "second" letter deals with correspondence your clients received from Karen Morrissey. You apparently believe that it is improper for represented clients to communicate with one another. I am not aware of any such prohibition. Certainly, you cannot contact my client, and I cannot contact yours, but there is no rule precluding our clients from communicating with one another. Nevertheless, it is now clear to my client that your clients wish to communicate with ARRC only through their attorneys. We will note that you are their designated attorney-in-fact (as well as at law) for all future communications.

Regarding the presence or absence of an encroachment on ARRC's exclusive right of way, I would direct your attention to the attached copy of an as-built survey completed by John Shadrach on or about November 20, 2002. This survey clearly shows that the entire back side of your client's house encroaches on the right of way by approximately four feet. In addition, your client's shed and his entire septic system similarly encroaches well into the right of way.

EXHIBIT _A_
PAGE _1_ OF _4_

Melinda D. Miles, Esq.
Re: *Coyle v. Colaska*
September 23, 2005
Page 2

  Finally, your letter constitutes a rejection of ARRC's offer of a permit. So that there is no ambiguity, ARRC hereby revokes its offer of a permit.

  Please let us know if you have any questions regarding the above.

       Very truly yours,

       LANE POWELL LLC

       Brewster H. Jamieson

nlb
Enclosure
cc: William R. Hupprich, Esq.
113951.0010/150776.1

EXHIBIT A
PAGE 2 OF 4




Page 1
EXHIBIT A
PAGE 3 OF 4

SENT BY: MEA ADMIN & HR;     907 761 9349;     APR-28-04  4:31PM;     PAGE 3
APR-27-04 TUE 09:21 AM     FAX:     PAGE 5

*(survey plat/diagram showing parcel bounded by Parks Highway on the west and Alaska Railroad on the east, with residence, sheds, well, driveway, electric meter, MTA pedestal, septic standpipes, and power pole; encroachment notes into DOT Highway Right-of-way and AK RXR ROW)*

- N 0°03'00"W  289.68'  100'  100'
- Shed (10'X12')
- Alaska RXR Rights-of-way
- DOT Highway Rights-of-way
- 124'
- Cant. (typ)
- Residence
- Deck & steps (typ)
- 15'+/- Encroach-ment into DOT Rights-of-way
- 4'+/- Encroachment into AK RXR ROW
- Well
- 18', 22.2', 15.4', 54.8', 24.0'
- Driveway
- 23.7', 30.2'
- S 84°46'19"E  331.40'
- Alaska Railroad
- N 89°50'28"E  330.00'
- Parks Highway  N 84°46'05"W
- Elec. Meter
- MTA Pedestal
- Shed (9'x18')
- Shed (13'x20')
- Septic stand-pipes (typ)
- Power pole (typ)
- 64'
- 154'
- 258.57'
- Section 10 / Section 11
- S 0°03'00"E
- 1673.94'(M)  1674.16'(R-AK RXR)
- BASIS OF BEARING
- 188'