Law Offices of
## DAVID J. SCHMID
Attorney at Law
500 "L" Street, Suite 503
Anchorage, Alaska 99501
Telephone (907) 276-4335   Fax (907) 278-1812

September 7, 2005

Teresa Shaw
Clerk of Court
435 S. Denali Street
Palmer, AK  99645

   Re: Coyle, et al. v. Colaska, Inc.
     Case No. 3PA-05-1388 CI

Dear Ms. Shaw:

Enclosed for filing in the above matter please find Defendant's Answer to Second Amended Complaint.

          Very truly yours,

          LAW OFFICES OF DAVID J. SCHMID

          By: _____
            Keena Lukacinsky
            Legal Assistant to David J. Schmid

:kel
Enclosure
cc: Melinda D. Miles, Esq.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT PALMER

DeETT A. COYLE, and EDWARD )
COYLE, )
 )
         Plaintiffs, )
 )
vs. )
 )  Case No. 3PA-05-1388 CI
COLASKA, INC., )
 )
         Defendant. )
_____)

**ANSWER TO SECOND AMENDED COMPLAINT**

COMES NOW Defendant by and through its attorneys Law Offices of David J. Schmid and for its Answer to Plaintiffs' Second Amended Complaint answers and avers as follows:

1. Defendant admits the allegations contained in Paragraph 1 of Plaintiffs' Second Amended Complaint (hereinafter "Complaint").

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4. Defendant is without information sufficient to admit the allegation in Paragraph 4 of Plaintiffs' Complaint that they are the rightful owners of the subject residence and land, but admit that Plaintiffs operate a saw mill on the subject property, and that said saw mill operates

Answer to Second Amended Complaint
Coyle v. Colaska, Inc., 3PA-05-1388 CI
Page 1 of 5

LAW OFFICES OF
DAVID J. SCHMID
500 "L" Street, Suite 503
Anchorage, Alaska 99501-1295
TELEPHONE (907) 276-4335   FAX (907) 278-1812

in whole or in part within either the right of way easement of the Alaska Railroad Corporation (ARRC), and/or the right of way owned by the State of Alaska for the Parks Highway.

5. With respect to Paragraph 5 of Plaintiffs' Complaint, Defendant admits that it is the owner and operator of a gravel pit which shares a common boundary line with the Plaintiffs, and that said gravel pit is adjacent to and operates loading and transportation facilities in part within a ARRC right of way and other ARRC property pursuant to an Industry Track Agreement and a separate Land Use Permit.

## COUNT I

6. Defendant denies the allegation at Paragraph 6 of Plaintiffs' Complaint.

7. Defendant is without information sufficient to admit or deny the allegations of Paragraph 7 of Plaintiffs' Complaint and therefore denies same.

8. Defendant admits that Plaintiff Ed Coyle has made multiple threats, some including the unlawful use of a firearm, over actions to which he objects, but denies the remaining allegations of Paragraph 8 of Plaintiffs' Complaint.

9. Defendant denies the allegations of Paragraph 9 of Plaintiffs' Complaint.

## COUNT II

10. Defendant admits that it has constructed a tipple and associated machinery to load gravel directly onto railroad cars, is without information sufficient to admit or deny the distance said tipple is from Plaintiffs' residence, and therefore denies same, and admits that the tipple is used on a near daily basis during the construction season at times twice per day, and, when Defendant's construction projects demand it, occasionally at night.

11. Defendant is without information sufficient to admit or deny the allegation of Paragraph 11 of Plaintiffs' Complaint and therefore denies same.

12. Defendant denies the allegation contained in Paragraph 12 of Plaintiffs' Complaint.

13. Defendant denies the allegation contained in Paragraph 13 of Plaintiffs' Complaint.

14. Defendant admits that Plaintiffs have in this lawsuit alleged that Defendant's operations constitute a nuisance and have sought to enjoin the operations, but denies the other allegations of Paragraph 14 inconsistent herewith.

15. Defendant denies the allegations of Paragraph 15 of Plaintiffs' Complaint.

16. Defendant denies the allegations of Paragraph 16 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs failed to state a cause of action upon which relief may be granted.

2. Plaintiffs, by their actions of purchasing the subject property while they knew or should have known of the operation of the gravel pit, coupled with their operation of a saw mill from their own property, have waived and/or are estopped from recovering the relief sought in their complaint.

3. Plaintiffs' claim for relief is barred by laches.

4. Plaintiffs have failed to join an indispensable party which is the Alaska Railroad Corporation, and have failed to join necessary or conditionally necessary parties. including the State of Alaska, Department of Transportation and Public Facilities.

5. This court is without jurisdiction to accord complete relief because the ARRC's operations within its right of way are entirely privileged, and state and local jurisdiction and regulation of the ARRC and its freight loading and transportation within its right of way is entirely preempted by federal law to wit: the Interstate Commerce Commission Termination Act.

6. This court cannot grant the relief requested without abridging ARRC's contracts, rights and operation of its lawfully granted right of way, and without violating 49 U.S.C. § 10501(b)(2). Said regulation of the ARRC and its operations lies exclusively with the Surface Transportation Board.

7. Defendant's claim for equitable relief is barred by the Plaintiffs' unclean hands.

8. Plaintiffs' damages, if any, have been caused in whole or in part by their own conduct and/or the contractual rights of third parties including the ARRC, and the State of Alaska, over whom Defendant has no right or duty to control.

9. Defendant's operation of the gravel pit predated Plaintiffs' ownership of the subject property and is therefore privileged to continue.

10. Plaintiffs have failed to mitigate their damages, if any.

11. The relief Plaintiffs seek would constitute unjust enrichment to them at the expense of the Defendant.

12. Plaintiffs' claims are barred because they "moved to the nuisance".

13. Plaintiffs' claims are barred for those additional reasons set forth with particularity and extensively briefed in Defendant's Opposition to Motion for Preliminary Injunction dated August 22, 2005.

Answer to Second Amended Complaint
Coyle v. Colaska, Inc., 3PA-05-1388 CI
Page 4 of 5

14. Defendant reserves the right to add affirmative defenses as the same may become known through discovery.

DATED at Anchorage, Alaska this 7th day of September, 2005.

LAW OFFICES OF DAVID J. SCHMID
Attorneys for Defendant

By: *[signature]*
David J. Schmid
Alaska Bar No. 8102003

**Certificate of Service**
This is to certify that a true and correct copy of the foregoing document was served by U.S. Mail on the 7th day of September, 2005, on the following:

Melinda D. Miles, Esq.
William F. Tull & Associates
634 South Bailey Street #201
Palmer, AK 99645

*[signature]*
Keena Lukacinsky, Legal Assistant

Answer to Second Amended Complaint
Coyle v. Colaska, Inc., 3PA-05-1388 CI
Page 5 of 5