Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DEETT A. COYLE and EDWARD COYLE,<br><br>    Plaintiffs,<br><br>v.<br><br>COLASKA, INC.; and ALASKA RAILROAD CORPORATION,<br><br>    Defendants, | Case No. 3:05-cv-00221-TMB<br><br>**OPPOSITION TO<br>CROSS-MOTION FOR REMAND** |

Defendant Alaska Railroad Corporation ("ARRC"), by and through counsel, hereby opposes plaintiffs' cross-motion to remand this case to state court.

**FACTS**

In reviewing the pleadings in this matter regarding the tipple at the gravel pit, it became apparent that the Court might not have been provided a complete explanation of what the tipple is, where it physically is located in relation to ARRC's railroad tracks and how it operates. *See* Exhibit A, Second Declaration of William R. Hupprich and Exhibit A-1 thereto. The tipple is located in ARRC's right-of-way. As the Court can see, not only is the tipple located immediately adjacent to ARRC's tracks in the gravel pit, but the main "business end" component of the tipple actually extends over and around the tracks. During the gravel loading procedure, ARRC locates a train car underneath the tipple's control booth, which extends over the tracks. The gravel is brought up by

conveyor belt to a point directly above the center of the tracks, and the gravel then drops directly down into the rail car, as in shown in one of the attached photographs.

As for plaintiffs' statement of facts in the cross-motion, the majority of those facts are simply not relevant to the issues raised in the cross-motion. The history of plaintiffs' purchase of their property, allegations relating to Colaska clear-cutting trees and trespassing on the plaintiffs' property, and the alleged noise and dust from the operation of the tipple and gravel pit, may be relevant to plaintiffs' nuisance action. However, these facts have nothing to do with the narrow, purely legal issues presented by plaintiffs' cross-motion: that is, whether the complaints against ARRC and the tipple are (1) preempted by the Interstate Commerce Commission Termination Act ("ICCTA"), and (2) within the exclusive jurisdiction of the STB. For this reason, nothing in the Coyle and Fuglestad affidavits submitted by plaintiffs supports plaintiffs' cross-motion for remand.

Any other additional "facts" raised in the cross-motion will be discussed in the appropriate section below, or in ARRC's contemporaneous summary judgment pleadings in this case.

## ARGUMENT

**1. The Arguments In ARRC's Summary Judgment Motion And Reply Are Incorporated Herein.**

The issues raised in the cross-motion for remand are inseparably intertwined with the issues discussed in detail by ARRC in its Motion for Partial Summary Judgment Re: Federal Preemption and Exclusive Jurisdiction of the Surface Transportation Board ("Summary Judgment Motion") (Docket 21), and ARRC's contemporaneously filed Reply to the Motion for Summary Judgment ("Summary Judgment Reply"). As such, and to the extent not discussed below, all of the

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

arguments and facts contained in ARRC's Summary Judgment Motion and Summary Judgment Reply are incorporated herein by reference.

**2.  The Cross-Motion Should Be Denied; This Court Has Subject Matter Jurisdiction.**

In support of their cross-motion for remand, plaintiffs argue that the court lacks subject matter jurisdiction over the claims against the tipple[1] because the basis for federal removal does not appear on the face of their complaint.  However, for the reasons stated below, the fact that plaintiffs did not expressly allege that the ICCTA governs their claims against the tipple does not defeat removal jurisdiction in this court based on the ICCTA.

**A.  Complete Preemption.**

As noted by plaintiffs, an exception to the well-pleaded complaint rule is where the state law claims alleged in the complaint are completely preempted by federal law.

> An exception to the general rule exists, however, when the preemptive force of a statute is so strong that it "completely preempt[s]" an area of state law. [*Balcorta v. Twentieth Century-Fox Film Corp.,* 208 F.3d 1102, 1107 (9th Cir.2000)]; *see also Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In such circumstances, federal law displaces a plaintiff's state-law claim, no matter how carefully pleaded.  *Gregory v. SCIE, LLC,* 317 F.3d 1050, 1052 (9th Cir.2003). This is because the "claim purportedly based on ... [a] preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Balcorta,* 208 F.3d at 1107 (citing *Franchise Tax Bd.,* 463 U.S. at 24, 103 S.Ct. 2841).

---

[1] As was discussed in ARRC's Summary Judgment Reply, plaintiffs impliedly admit that the ICCTA completely preempts all of their claims against ARRC's operations.  Therefore, the only remaining issue is whether ICCTA preemption and STB exclusive jurisdiction, as argued in ARRC's Summary Judgment Motion, apply to the tipple.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

*Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). *And see* 14B Wright, Miller & Cooper *Federal Practice and Procedure*, § 3721, p. 333; § 3722.1, pp. 508-511.

The ICCTA provides "complete preemption" of state law which supports removal in this case. Notably, plaintiffs ignore entirely the express language of 49 U.S.C. § 10501(b) of the ICCTA, which provides that its terms "are exclusive and preempt the remedies provided under Federal or State law." As was noted in ARRC's Summary Judgment Motion, this language is a "clear and broad" statement of Congress's intent to preempt state regulation of rail transportation and operations. *See City of Auburn v. United States*, 154 F.3d 1025, 1030 (9th Cir. 1998); *CSX Transp., Inc. v. Georgia Public Service Comm.*, 944 F. Supp. 1573, 1581 (N.D.Ga. 1996); *Wisconsin Central Ltd. v. City of Marshfield*, 160 F. Supp. 2d 1009, 1013 (W.D.Wis. 2000). *And see Guckenberg v. Wisconsin Central Ltd.*, 178 F. Supp. 2d 954 (E.D.Wis. 2001) (finding that the ICCTA is an example of "express preemption").

This "clear and broad" statement of preemption precludes remand where the ICCTA applies. For instance, in *PCI Transp., Inc. v. Fort Worth & Western R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005), the Fifth Circuit upheld the district court's denial of remand because the plaintiff's non-contractual claims for injunctive relief against a rail carrier were completely preempted by ICCTA: "[W]e hold that the complete preemption doctrine applies. And, as the ICCTA provides the exclusive cause of action for PCI's non-contractual relief, we hold that those claims 'only arise[ ] under federal law and could, therefore, be removed under § 1441.'"

In *Cedarapids, Inc. v. Chicago, Central & Pacific R. Co.*, 265 F. Supp. 2d 1005, 1013-14 (N.D.Iowa 2003), the court denied a motion to remand on claims within the scope of the ICCTA on grounds of complete preemption: "The Court's review of the nature and purpose of the

ICCTA, as evidenced by both the legislative history and the plain language of the statute, leads the Court to conclude that, in enacting the ICCTA, Congress intended to occupy completely the field of state economic regulation of railroads."

And in *Rushing v. Kansas City Southern Ry. Co.*, 194 F. Supp. 2d 493, 499-501 (S.D.Miss. 2001), the plaintiffs brought nuisance and negligence claims complaining that the operation of a railroad's switch yard, which was located close to the plaintiffs' home, caused "unbearable levels of noise," and "damaging vibrations." The court denied a motion to dismiss the nuisance and negligence claims for lack of federal subject matter jurisdiction on the grounds that these claims were completely preempted by the ICCTA. The court first found that under the language of § 10501(b)(2),

> the clear and manifest purpose of Congress when it enacted the ICCTA was to place certain areas of railroad regulation within the exclusive jurisdiction of the STB and to preempt remedies otherwise provided under federal or state law.

194 F. Supp. 2d at 498. The court then found that "the goal of Congress in enacting the ICCTA, was to foster competition while deregulating the railroad industry." *Id.* at 499. The court concluded:

> Accordingly, the Court finds that Congress, under the ICCTA, explicitly granted the STB exclusive jurisdiction over claims involving railroad operations, except as otherwise provided under the ICCTA.

*Id.*

Therefore, because the tipple comes within the scope of the ICCTA as discussed in detail in ARRC's Summary Judgment Motion and Reply, the claims involving the tipple are completely preempted by the ICCTA and subject matter jurisdiction lies with this Court. The cross-motion should be denied.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

B.  **Substantial Federal Question.**

Even if this Court finds that it cannot apply the "complete preemption" doctrine to the tipple, jurisdiction in this Court over the claims regarding the tipple still exists, and plaintiffs are not entitled to remand, because of the application of the "substantial federal question" element of the "artful pleading" doctrine. This is described by the Ninth Circuit as follows:

> "The artful pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that '[a]lthough the plaintiff is master of his own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim.'" *Hansen v. Blue Cross of California,* 891 F.2d 1384, 1389 (9th Cir.1989) (quoting *Paige v. Henry J. Kaiser Co.,* 826 F.2d 857, 860 (9th Cir.1987)). ... The artful pleading doctrine allows courts to "delve beyond the face of the state court complaint and find federal question jurisdiction" by "recharacteriz[ing] a plaintiff's state-law claim as a federal claim." *Precision Pay Phones v. Qwest Communications Corp.,* 210 F. Supp. 2d 1106, 1112-13 (N.D.Cal.2002) (citing *Hunter v. United Van Lines,* 746 F.2d 635, 640 (9th Cir.1985)).
>
> ... Since its first articulation in *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 673, 70 S.Ct. 876, 94 L.Ed. 1194 (1950), courts have used the artful pleading doctrine in: (1) complete preemption cases, *see Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64-65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) and ***(2) substantial federal question cases***, *see Franchise Tax Bd.,* 463 U.S. at 27-28, 103 S.Ct. 2841. ***Subsumed within this second category are those cases where the claim is necessarily federal in character***, *see Brennan v. Southwest Airlines Co.,* 134 F.3d 1405, 1409 (9th Cir.1998), ***or where the right to relief depends on the resolution of a substantial, disputed federal question***, *see Merrell Dow,* 478 U.S. at 814, 106 S.Ct. 3229.
> (emphasis added)

*Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). And see *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996) ("Even where, as here, state law creates the cause of action, and no federal law completely preempts it, federal jurisdiction may still

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

lie if 'it appears that some substantial, disputed question of federal law is a *necessary* element of one of the well-pleaded state claims [.]'" *citing Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 13 (1983)) (emphasis in original).

Recently, in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*, 125 S.Ct. 2363, 2368 (2005), which upheld the removal of a quiet title action to federal court, the U.S. Supreme Court clarified (in line with the Ninth Circuit cases quoted above) the circumstances under which a nominally state-law claim qualifies for federal question jurisdiction in a federal forum:

> Instead, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.

The claims involving the tipple are both "necessarily federal in character" and involve "the resolution of a substantial, disputed federal question," because of the far-reaching and pervasive regulation by Congress of railroad operations under the ICCTA, even where those operations are not performed by the railroad itself. As noted ARRC's Summary Judgment Motion, the ICCTA:

- preempts the state regulation of facilities and activities which are integrally related to the provision of rail service, even if those facilities or activities are themselves "non-rail" and are ancillary to a railroad's operation[2];

- preempts state law which attempts to regulate and interfere with railroad operations contrary to the intent of the ICCTA[3]; and

---

[2] *See Green Mountain R.R. Corp. v. Vermont*, 404 F.3d 638, 644 (2nd Cir. 2005); *Grafton and Upton R.R. Co. v. Town of Milford*, 337 F. Supp. 2d 233, 238 (D.Mass. 2004); *Flynn v. Burlington Northern Santa Fe Corp.*, 98 F. Supp. 2d 1186, 1189-90 (E.D.Wash. 2000) (citing *Borough of Riverdale*, 1999 WL 715272 at *7 (S.T.B.)).

**LANE POWELL** LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

- preempts state law where the economic impact would foreclose or restrict the railroad's ability to conduct its operations.[4]

Moreover, in order for this Court to determine whether the tipple is subject to ICCTA preemption/STB exclusive jurisdiction, it must necessarily determine such issues as: whether the tipple comes within the definition of "transportation" by a rail carrier within 49 U.S.C. § 10501(b)(1) and § 10102(9); whether the tipple is a "facility" or "equipment" under § 10102(9); whether the tipple is an "ancillary facility" governed by the ICCTA; and whether the tipple is "integrally related" to ARRC's rail operations.  Such determinations will necessarily involve the application of the facts of this case in the context of the language and purposes of the ICCTA.  Thus, in addition to the complete preemption afforded by the ICCTA, the operation of the tipple and plaintiffs' attempt to enjoin the operation of the tipple creates a "substantial federal question" in this case.

Therefore, the "substantial federal question" doctrine is an additional basis which provides this Court with subject matter jurisdiction over the claims against the tipple.  For this additional reason, the cross-motion should be denied.

C. **Supplemental Jurisdiction Under 28 U.S.C. § 1367(a).**

Finally, jurisdiction over the claims involving the tipple may also be based on the "supplement jurisdiction" provisions of 28 U.S.C. § 1367(a), which states:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which

---

(. . . continued)

[3] *See Village of Ridgefield Park v. New York, S. & W. Ry. Co.*, 163 N.J. 446, 462, 750 A.2d 57, 66-67 (2000); *Boston and Maine Corporation and Town of Ayer, MA*, 2001 WL 458685 *6 (S.T.B.); *Columbiana County Port Auth. v. Boardman Township Park Dist.*, 154 F. Supp. 2d 1165, 1180 (N.D.Ohio 2001); *In re Appeal of Vermont Railway*, 769 A.2d 648, 655 (Vt. 2000).

[4] *See Village of Ridgefield Park*, 750 A.2d at 66; *City of Auburn*, 154 F.3d at 1030.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

> the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

*See* 14C Wright, Miller & Cooper *Federal Practice and Procedure*, § 3724, p. 3 (1998): "[§ 1367(a) permits otherwise non-removable claims to attach to jurisdictionally sufficient claims on the theory that they are inextricably linked to the same underlying case or controversy."), and *id.* at vol. 13, §§ 3523, 3523.1 (pocket part).  There is no dispute that the Court has original jurisdiction over the claims involving ARRC's operations.  As such, the Court has supplemental jurisdiction over the claims involving the tipple because the tipple is integrally related to the operation of ARRC's rails at the gravel pit.  It is undisputed that ARRC's tracks were constructed to serve the gravel loading operations at the pit, including the tipple.  It is undisputed that if the gravel loading operations with the tipple are enjoined as sought by the plaintiffs, ARRC's own operations at the gravel pit would be shut down.  The gravel loading operations with the tipple into ARRC's rail cars, and ARRC's use of the tipple and its rail operations at the gravel pit, are inseparably intertwined and form part of the same case and controversy in this case.  Therefore, at the least, supplemental jurisdiction under § 1367(a) exists for the claims involving the tipple.

In addition, supplemental jurisdiction under § 1367(a) also exists over the other claims regarding Colaska's operations at the gravel pit, apart from the claims related to the tipple.  A plain reading of the complaint shows that plaintiffs' non-tipple related nuisance and trespass claims are part of the same case and controversy as the removable claims against not only the tipple, but against ARRC's operations.  All of the claims in the complaint are intertwined around plaintiffs'

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

overarching request for an injunction against the entire gravel pit operations. At the least, if the Court finds it does not have supplemental jurisdiction over the non-tipple related claims under § 1367(a), the Court should exercise its discretion under 28 U.S.C. § 1441(c)[5] to retain jurisdiction over the non-tipple related claims so that all of the obviously intertwined claims in this case may be resolved in one forum.

For this additional reason, the cross-motion should be denied.

## CONCLUSION

For the reasons stated above and in ARRC's Summary Judgment Motion and Reply, the court is respectfully requested to deny plaintiffs' cross-motion for remand in its entirety.

DATED this 26th day of April, 2006.

          LANE POWELL LLC
          Attorneys for Alaska Railroad Corporation

          By   s/ Brewster H. Jamieson
             Brewster H. Jamieson
             301 West Northern Lights Boulevard, Suite 301
             Anchorage, Alaska  99503-2648
             Tel: 907-277-9511
             Fax: 907-276-2631
             Email:  jamiesonb@lanepowell.com
             ASBA No. 8411122

I certify that on April 26, 2006, a copy of the foregoing was served by ECF on:

Douglas C. Perkins, Esq.  dp@hartig.com
David J. Schmid, Esq.  schmid-law@gci.net

  s/ Brewster H. Jamieson
113951.0010/154873.1

---

[5] Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Opposition to Cross-Motion for Remand**
*Coyle v. Colaska, Inc., et al.*   (Case No. 3:05-cv-00221-TMB)        **Page 10 of 10**