IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **DeETT A. COYLE and EDWARD COYLE,**<br><br>　　　　　**Plaintiffs,**<br><br>　　vs.<br><br>**COLASKA, INC., and ALASKA RAILROAD CORPORATION,**<br><br>　　　　　**Defendants.** | Case No. 3:05-cv-221　TMB<br><br>**O R D E R**<br><br>Re: Docket Nos. 21 & 39 |

　　　　Before the Court is Defendant Alaska Railroad Corporation's Motion for Partial Summary Judgment regarding Federal Preemption and Exclusive Jurisdiction of the Surface Transportation Board, (Docket 21), as well as Plaintiffs' Motion to Remand this case to state court. Docket 39. Colaska has joined in ARRC's Motion for Partial Summary Judgment. Docket 23.   Having reviewed the pleadings and heard oral argument on November 6, 2006, the Court now enters the following Order.

**FACTUAL & PROCEDURAL BACKGROUND**

　　　DeEtt A. Coyle and Edward Coyle ("the Coyles") brought suit against Defendant Colaska, Inc., ("Colaska"), in state court, seeking damages arising from the construction and operation of Colaska's gravel pit.   Colaska and the Coyles share a property line in the middle of railroad tracks owned by the Alaska Railroad Corporation ("ARRC").  In addition to damages, the Coyles also seek an injunction to prevent Colaska from operating its gravel pit. The Coyles allege that Colaska's gravel pit is a nuisance, creating excessive levels of noise and dust and shaking the

1

Coyles' residence[1]. The Coyles seek relief of an award of damages in excess of $100,000 and a permanent injunction against Colaska's use of the gravel pit.

Colaska removed this matter to Federal Court on September 9, 2005, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. On September 21, 2005, ARRC moved to intervene as a party defendant. By order of the honorable Ralph Beistline, "the allegations in paragraphs 10-16 of the Second Amended Complaint before Answer shall be deemed to have been made against ARRC." The case was subsequently reassigned to the undersigned.

## DISCUSSION

Pursuant to 28 U.S.C. § 1441(a), a defendant may generally remove to the appropriate federal district court "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." The Coyles move for an order of remand pursuant to 28 U.S.C. § 1447( c). Under §1447©, a case shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The burden of establishing federal jurisdiction falls to the party invoking the removal statute. California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). Section 1441(a) "is strictly construed against removal jurisdiction."

The Coyles argue that removal was improper, because there are no grounds for asserting federal jurisdiction over this case. According to the Coyles, removal is only appropriate if the Complaint raises a substantial federal question[2] or if their state law claims have been totally subsumed by federal law, thus falling under the "complete preemption" doctrine[3] (citations omitted). The Coyles argue that remand is appropriate as their claims for relief arise exclusively under state law, and are not completely preempted by federal law.

---

[1] The Coyles also allege trespass by Colaska's employees, but as that is not relevant to the present motions, the Court will not address it.

[2] Although the Coyles argue that there is no substantial federal question here, Colaska has not briefed the issue. As the issue is addressed under Complete Preemption, further analysis is not necessary.

[3] All parties are residents of Alaska; therefore, diversity is not an issue here.

Colaska argues that federal question removal was proper, because the Coyles' complaint is completely preempted by federal law, namely the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10101 *et seq* ("ICCTA"), which regulates rail transportation in the United States. In addition, Colaska argues that summary judgement is appropriate for all claims regarding its tipple[4], since all such claims are preempted by § 10501(b)(1).

**The Well-Pleaded Complaint Rule**

In determining federal jurisdiction, courts first apply the "'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Lockyer, 375 F.3d at 838 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)). "The federal issue 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal'" (quoting Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936)). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim" (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).

On its face, the Coyles' complaint does not state a claim arising under federal law. Rather, the Coyles seek relief under Alaska common law nuisance.

**The Artful Pleading Doctrine**

The inquiry does not end there.[5] "Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.'" Rains v. Criterion Systems, Inc., 80 F.3d 339, 344 (9th Cir. 1996)(citation omitted). Courts have applied the artful pleading doctrine in complete preemption cases and substantial question cases, the latter of which includes cases where the claim is necessarily federal in character or where the right to relief depends on the resolution of a substantial, disputed federal question. Lippitt, 340 F.3d at 1041-

---

[4] A tipple is a device used to load gravel into railcars. The name 'tipple' is derived from the time when men would push carts full of coal to an unloading area at the railroad, and ***tip*** them over to dump the coal out.

[5] Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).

1042.  The Ninth Circuit has described the artful pleading doctrine as "a useful procedural sieve to detect traces of federal subject matter jurisdiction in a particular case," but cautions that "Courts should invoke the doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results."  340 F.3d at 1041 (citations and quotations omitted).

**Complete Preemption**

"Preempted state law claims may be removed to federal court only in the rare instances where Congress has chosen to regulate the entire field." ARCO Environmental Remediation v. Dept. of Health and Environmental Quality of the State of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000).  The Ninth Circuit has observed that there are two categories of cases where the Supreme Court has found complete preemption: ERISA and the Labor Management Relations Act.  340 F.3d, at 1042.  Complete preemption only applies when "federal law completely preempts state law and provides a federal remedy."  ARCO, 213 F.3d, at 1114, (quoting Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1403 (9th Cir. 1988)).

Colaska suggests that complete preemption exists here because its tipple is an "integral" part of ARRC's operations and is thus covered by the ICCTA.  If Colaska's tipple is covered by the ICCTA, then this Court has no jurisdiction over claims regarding the tipple and all such claims would have to be pursued in front of the Surface Transportation Board ("STB").  Section 10501(b)(1) states:

> The jurisdiction of the [STB] over - transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers . . . is exclusive.  Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

"Railroad carrier" is defined in 49 U.S.C. § 10102(5) in part as: "a person providing common carrier railroad transportation for compensation . . ."

"Railroad" is defined in 49 U.S.C. § 10102(6) as including:

> (A) a bridge, car float, lighter, ferry, and intermodal equipment used by or in connection with a railroad;

4

     (B) the road used by a rail carrier and owned by it or operated under an agreement; and

     © a switch, spur, track, terminal, terminal facility, and a freight depot, yard, and ground, used or necessary for transportation.

"Transportation" is defined in 49 U.S.C. § 10102(9) as:

     (A) a locomotive, car, vehicle, vessel, warehouse, wharf, pier, dock yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, by rail, regardless of ownership or an agreement concerning use; and
     (B) services related to that movement, including receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, and interchange of passengers and property;

Colaska argues that the tipple is a "facility" under the ICCTA, which is integral to ARRC's rail services in moving Colaska's gravel. Although arguably the tipple is a form of transportation under § 10102(9), Colaska fails to show that using a tipple to load gravel into railcars is "transportation by [a] rail carrier[]" as required by § 10501(b)(1). The parties agree that the tipple was constructed and is owned and operated by Colaska, not ARRC. Colaska has not claimed that it is a rail carrier under any definition. The STB has found that it does not have jurisdiction if the transportation in question was not performed by a rail carrier. See Hi Tech Trans, LLC v. New Jersey, 382 F.3d 295 (3d Cir. 2004) (STB found that it did not have jurisdiction, because the rail carrier was not the party performing the transloading activities in question); See also Grafton & Upton R.R. Co. v. Town of Milford, 417 F.Supp. 2d 171, 177 (D. Mass. 2006) (STB found that it did not have jurisdiction over the plaintiff's claim because the party loading the railcars was a rail customer, and not a rail carrier). In the STB's decision in Grafton, it specifically said, "for transloading activities to qualify for preemption, they must be offered by a rail carrier (either

5

directly or through its agent)." Town of Milford, MA – Petition for Declaratory Order, STB Fin. Docket No. 34444 (Aug. 11, 2004), 2004 WL 1802301 at *2.

Colaska is not a rail carrier, and ARRC has not claimed that it offers transloading services. From the facts before the Court, Colaska is a customer of ARRC and loads its own gravel into ARRC's railcars. Accordingly, the transloading activities performed by Colaska's tipple are not covered by § 10501(b)(1), and the Coyles' claims are not preempted by the ICCTA.

Colaska has also argued that any attempt at regulating the tipple would also regulate ARRC's side track over which the tipple operates. However, ARRC has stated that it uses the side track for other purposes, including storing other rail equipment there during the winter. In addition, the Coyles have affirmatively stated that they do not wish to regulate ARRC's operations and have expressed an interest in those operations continuing.

In light of the foregoing, the Court concludes that the artful pleading doctrine does not apply. The Coyles' claims do not implicate a substantial federal question, and the Court does not find complete preemption. The Coyles' claims seek relief to recover damages solely under Alaska law.

## **CONCLUSION**

For the reasons set out above, the Cross Motion to Remand to State Court at Docket 39 is **GRANTED**, and this matter is **REMANDED** to the Superior Court for the State of Alaska, Third Judicial District at Palmer. It is further ordered that Colaska's Motion for Summary Judgement at Docket 21 is **DENIED AS MOOT**.

Dated at Anchorage, Alaska, this 9th day of January, 2007.

                                                          s/ Timothy M. Burgess
                                                          Timothy M. Burgess
                                                          United States District Judge