Douglas C. Perkins, ASBA No. 8612155
HARTIG RHODES HOGE & LEKISCH P.C.
717 K. Street
Anchorage, Alaska 99501
Telephone:  907-276-1592
Facsimile:  907-277-4352
Email:  dp@hartig.com
Attorneys for DeEtt A. Coyle and Edward Coyle

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DEETT A. COYLE and EDWARD COYLE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| COLASKA, INC.; and ALASKA RAILROAD | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) **Case No. A05-0221 CV (TMB)** |
| _____ _____) | |

## OPPOSITION TO MOTION FOR RECONSIDERATION
## OF DECEMBER 10, 2007 (SIC) ORDER

Pursuant to the Court's order (docket #64), Plaintiffs DeEtt A. Coyle and Edward

Coyle ("the Coyles"), by and through counsel of record, hereby respond in opposition to

the motion for reconsideration of the Court's order (docket #62), denying the motion for

partial summary judgment (docket #21) and granting the Coyle's cross-motion to

remand this case to state court (docket #39).   For the reasons set forth in the Court's

original order, the prior pleadings, and below, the motion for reconsideration should be

denied.

HARTIG RHODES
HOGE & LEKISCH
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592

**1.    Colaska is not a rail carrier and its operations are not rail transportation.**

The Court did not overlook any material fact relating to the loading of gravel by Defendant Colaska ("Colaska) aboard the rail cars owned operated by Defendant Alaska Railroad Corporation ("ARRC").   Indeed, as ARRC observes, the Court took judicial notice that the rail cars must be moved as each successive car is filled:

> You know, I think I can figure out that to load one car you've got to find a way to load the second car.  <u>I don't think that's an issue.</u>

[Transcript of Court's comments, at 32, lines 21-24, emphasis supplied].    The Court simply found this fact to be unimportant to its decision.

The balance of the transcript quoted by ARRC likewise confirms that the Court squarely considered the fact that the rail cars must be moved by the railroad as part of the loading process.  Indeed, the Court's initial impression (that ". . .the act of loading the gravel is not the railroad's activity; it's a private company's activity") was corrected on the record.    [Transcript at 15, lines 3-17].  It is therefore incorrect that the Court failed to consider the plain fact that ARRC itself must drive the locomotive which advances each rail car ahead so that it can be filled.  The reality, however, is that this is not a material point.

Indeed, the Court was correct when it observed:  "I don't think that's an issue." The fact that ARRC pulls each rail car ahead as it's loaded, or that the rail cars and sidetrack are owned only by ARRC, or even that ARRC drives the entire train into the station, simply do not make the tipple operation the protected activity of a rail carrier.

If this were true, then rail carriers could sweep within the protections of the ICCTA many of the commercial activities of their customers.    When a customer

HARTIG RHODES
HOGE & LEKISCH
**A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW**
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592

approaches a ticket counter to hand over a package for shipping by rail, for example, there is always a railroad employee reaching out to grasp that package. If that customer has three additional packages, then the railroad's employee must reach out three times to take the packages. Just like filling a series of rail cars, the same repetitive action occurs with each successive customer. However, this does not transform the customer's package delivery into rail transportation.

To use a closer example, when a pipe supplier drives his load of pipe to the rail yard so that the pipe can be shipped by rail to market, there is likewise some coordination of effort transloading the pipe from the privately-owned tractor trailer rig to the rail car owned and operated by the rail carrier. This does not, however, transform private truck delivery, subject to completely different commercial regulation, into transportation by rail, subject to the ICCTA. Neither does this make the truck driver a railroad employee.

Having moved for partial summary judgment, and having already exhausted its opportunity to present evidence to the Court, ARRC improperly seeks to supplement the record at this juncture by offering additional evidence that suggests that a railroad employee is standing in the tipple control tower during gravel loading. The Court should not consider such untimely evidence, but even if it does, this changes nothing. This is no different than the rail worker standing up on the tractor trailer to assist the private truck owner in transloading a load of pipe. The presence of the conductor does not transform Colaska's operations into rail transportation.

HARTIG RHODES
HOGE & LEKISCH
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592

Finally, even if ARRC's participation in the gravel transloading process somehow made this the railroad's activity, this does not change the fact that Colaska still is not a "rail carrier", nor are its personnel employed by ARRC, and therefore, Colaska is not entitled to the protections of the ICCTA.  Just as in the Surface Transportation Board cases cited in the earlier pleadings, the STB simply does not have jurisdiction over claims against the  private customers of rail carriers.

**2.      The evidence is that ARRC uses its side track for other purposes, and that the private tipple use is not protected rail transportation.**

The reason the Court found that ARRC uses its side track for other purposes is because this is the evidence which ARRC presented.    [Declaration of William R. Hupprich, ¶4; see also Industry Track Agreement, ARRC's Exhibit B, at 4, subsection 5]. The Court overlooked nothing.

While it may be true that losing this good customer will economically harm ARRC, and that it may even use its side track less often or not at all if it loses Colaska's business, this is a red herring issue which should not obscure the dispositive point that Colaska is not a rail carrier performing rail transportation.  The economic ramifications to ARRC if Colaska's tipple operations are shut down are simply irrelevant to this Court's decision.  Railroad customers lose business volume or go out of business every day, and this certainly impacts the economic standing of rail carriers.  However, this does not mean these customers are rail carriers subject to the ICCTA.

**3.      The Coyle's are not regulating ARRC operations.**

Even if the Coyle's complaint is deemed to be asserted against ARRC, this still does not transform Colaska's private tipple operations into protected rail activity.  The

HARTIG RHODES
HOGE & LEKISCH
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592

most that can be said for ARRC's contention that the Coyle's claims are deemed to be asserted against ARRC is that the Coyle's have failed to assert a cognizable claim against ARRC. Why? Because ARRC does not own or operate the private tipple or gravel pit. This is exactly why the Coyles have sued only Colaska, and also, why only the claims against Colaska are not subject to the ICCTA.

This is a plain case of ARRC using its shield under the ICCTA, as a sword to broadly carve out a scenario where ARRC's good customer can try to invoke the protections of the ICCTA. The ICCTA is not a sword, however, it is a shield which can be used only by rail carriers. The motion for reconsideration should be denied, and this case remanded to state court.

DATED at Anchorage, Alaska this 25th day of January, 2007.

By:   /s/ Douglas C. Perkins
717 K. Street
Anchorage AK 99501
(907) 276-1592 telephone
(907) 277-4352 facsimile
dp@hartig.com email
Alaska Bar No. 8612155

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the foregoing
was served on the below-identified counsel
on the 25[h] day of January 2007:

David J. Schmid, Esq.

Brewster H. Jamieson, Esq.

/s/ Lisa Sponcel
HARTIG RHODES HOGE & LEKISCH, P.C.

HARTIG RHODES
HOGE & LEKISCH
A PROFESSIONAL
CORPORATION
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592