Brewster H. Jamieson, ASBA No. 8411122
LANE POWELL LLC
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-277-9511
Facsimile: 907-276-2631
Email: jamiesonb@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| DEETT A. COYLE and EDWARD COYLE,<br><br>                Plaintiffs,<br><br>v.<br><br>COLASKA, INC.; and ALASKA RAILROAD CORPORATION,<br><br>                Defendants, | Case No. 3:05-cv-00221-TMB<br><br>**REPLY RE<br>MOTION FOR RECONSIDERATION** |

        Defendant Alaska Railroad Corporation ("ARRC"), by and through counsel, hereby replies to its Motion to Reconsider the Order at Docket 62.

        **1.**    **The Tipple Is Used By A Rail Carrier In Rail Transportation.**

        In arguing that Colaska is not a rail carrier, plaintiffs misdirect the Court from the point of the Motion for Reconsideration, which is that the Order overlooks the fact that the tipple is not only operated by Colaska, but also by ARRC. The undisputed evidence is that ARRC (a rail carrier), in fact, not only uses the tipple in its rail transportation activities, but actively participates in the physical operation of the tipple, and the tipple cannot be used without the active participation of ARRC.

        This undisputed evidence makes inapposite the examples used in the opposition—handing over a package or loading pipe—which plaintiffs assert are not rail transportation under the ICCTA. In plaintiffs' examples, the railroad is simply a passive receiver of the item being loaded onto the train. However, Colaska simply does not just "hand" the gravel over to ARRC. ARRC is in no respect merely a passive recipient of the gravel, but actively participates in the operation of the tipple. Plaintiff argues that this case "is no different than the rail worker standing up on the tractor trailer to assist the private truck driver in transloading a load of pipe." First, plaintiffs cite no authority holding that such a situation would not constitute rail transportation governed by the

ICCTA. In any event, this mischaracterizes the role ARRC plays in the operation of the tipple, which is not only to move the train during the gravel loading operation, but ARRC's train conductor is actually in the tipple control tower along side the QAP tipple operator, instructing the engineer on moving the train. And, as previously briefed to the Court, the fact that the tipple is owned by Colaska is irrelevant under § 10102(9)(A) (the ICCTA applies "regardless of ownership" of the transportation facility or equipment which otherwise comes within the definition of that statute).

Moreover, plaintiffs ignore that the tipple is unquestionably "equipment" or a "facility" under § 10102(9)(A). The examples used by plaintiffs in their opposition are thus factually inapposite for the additional reason that they do not involve a rail carrier actively assisting in the operation of an actual, physical piece of equipment or facility being used to load the train. Plaintiffs also ignore that "transportation" under the ICCTA also includes "***services*** related to" the "movement" of property by rail, "including ***receipt***, ***delivery***, ... ***handling***, ***and interchange*** of ... ***property***." Sect. 10102(9)(B) (emphasis added). Therefore, plaintiffs' implication that "services" in handling the gravel cannot be "transportation" governed by the ICCTA is legally incorrect.

Finally, referring to Mr. Hupprich's Third Declaration filed with the motion, plaintiffs incorrectly claim that ARRC exhausted its opportunity to present evidence in support of its summary judgment motion. However, ARRC was not given the opportunity to introduce this evidence because the Court declined ARRC's proffer of Mr. Hupprich's testimony. It is thus proper to consider the declaration because the Court should not rule on the remand until it is aware of all of the facts regarding ARRC's role in the operation of the tipple.

**2.   If The Tipple Were Closed, The Side Track Would Shut Down.**

Plaintiffs do not dispute that closing the tipple would result in shutting down ARRC's operations and track at the gravel pit. However, this issue is not a "red herring" as claimed by plaintiffs. The Court found this issue to be important, because it supported its holding in the Order with the express finding that ARRC used its side track for other purposes besides loading gravel. To the extent that the Court based the Order on a finding that closing the tipple would not have a fatal impact on ARRC's operations, that finding is factually in error and should lead the Court to reconsider the Order.

Further, plaintiffs are misleading in their argument that Colaska is not a railroad. The relevant fact is that ARRC is a "rail carrier" which not only uses the tipple, but is actively involved in

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska 99503-2648
Telephone 907.277.9511 Facsimile 907.276.2631

the operation of the tipple, and (most importantly for this section), must have the tipple remain in operation in order to continue ARRC's own operations and use of the track at the pit. That shutting down the tipple would shut down ARRC's operations and track is an important fact, because it demonstrates that the injunction sought by plaintiffs would regulate ARRC, and thus, that the tipple is subject to ICCTA and the jurisdiction of the Surface Transportation Board.

### 3. Regulating The Tipple Would Regulate ARRC's Operations.

Plaintiffs downplay as irrelevant the undisputed facts that the permanent injunction they seek would be applied against ARRC's operations and would shut down ARRC's operations and track at the gravel pit. However, ARRC raised this issue in the motion because the Court expressly supported its holding in the Order with the factually erroneous finding that plaintiffs do not wish to regulate ARRC's operations. Because this finding was in error, the Order is without factual support and should be reconsidered.

Finally, plaintiffs state that "ARRC does not own or operate the private tipple or gravel pit." This is factually incorrect and legally mistaken: (1) it is an undisputed fact that ARRC most certainly does actively participate in the operation of the tipple, and (2) that ARRC does not own the tipple is irrelevant, as under the ICCTA the tipple may be rail transportation "regardless of ownership." 49 U.S.C. § 10102(9)(A).

### CONCLUSION

The Court is respectfully requested to reconsider and reverse the Order, and to transfer this matter to the Surface Transportation Board which has exclusive jurisdiction over rail transportation which includes ARRC's loading and receipt of the gravel at issue in this case.

DATED this 30th day of January, 2007.

          LANE POWELL LLC
          Attorneys for Alaska Railroad Corporation

          By   s/ Brewster H. Jamieson
             301 West Northern Lights Boulevard, Suite 301
             Anchorage, Alaska  99503-2648
             Tel:   907-277-9511
             Fax:   907-276-2631
             Email: jamiesonb@lanepowell.com
             ASBA No. 8411122

I certify that on January 30 2007, a copy of the foregoing was served by ECF on:

Douglas C. Perkins, Esq.  dp@hartig.com
David J. Schmid, Esq.  schmid-law@gci.net

  s/ Brewster H. Jamieson
113951.0010/158731.1

**LANE POWELL LLC**
301 West Northern Lights Boulevard, Suite 301
Anchorage, Alaska  99503-2648
Telephone 907.277.9511  Facsimile 907.276.2631

**Reply re Motion For Reconsideration**
*Coyle v. Colaska, Inc., et al.* (Case No. 3:05-cv-00221-TMB)         Page 3 of 3