IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DEETT A. COYLE and EDWARD COYLE,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>COLASKA, INC.; and ALASKA RAILROAD CORPORATION,<br><br>　　　　　Defendants. | Case No. 3:05-cv-221   TMB<br><br>O R D E R |

## I.  MOTION PRESENTED

At docket 63, Defendant Alaska Railroad Corporation ("ARRC") moves for reconsideration of the Court's order at docket 62.  The Court permitted Plaintiffs to file a response and Defendants to file a reply.

## II.  BACKGROUND

Plaintiffs DeEtt A. Coyle and Edward Coyle ("the Coyles") brought suit against Defendant Colaska, Inc. ("Colaska") in state court, seeking damages arising from the construction and operation of Colaska's gravel pit.  Colaska and the Coyles share a property line in the middle of railroad tracks owned by the Alaska Railroad Corporation ("ARRC").  In addition to damages, the Coyles also seek an injunction to prevent Colaska from operating its gravel pit.  The Coyles allege that Colaska's gravel pit is a nuisance, creating excessive levels of noise and dust and shaking the Coyles' residence.  The Coyles seek an award of damages in excess of $100,000 and a permanent injunction against Colaska's operation of the gravel pit.

Colaska removed this matter to federal court on September 9, 2005, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  On September 21, 2005, ARRC moved to intervene as a party defendant.  By order of the Honorable Ralph Beistline, "the

allegations in paragraphs 10-16 of the Second Amended Complaint before Answer shall be deemed to have been made against ARRC."

On January 10, 2007, the Court issued an order rejecting Defendants' arguments that Plaintiffs' claims were preempted by federal law, and remanding the case to Alaska state court. Defendant ARRC has moved for reconsideration of that order on three grounds: (1) that ARRC participated in the gravel loading activities; (2) that closing the device, known as a tipple, used to load gravel into the rail cars would shut down ARRC's side track; and (3) that regulating the tipple would regulate ARRC's operations.

### III. DISCUSSION

ARRC first argues that in finding that "Colaska . . . loads it's own gravel into ARRC's railcars" the Court overlooked directly contrary facts in the record. ARRC goes on to describe the way in which ARRC crews must move the railcars in order for each car to be filled in turn by the gravel falling from Colaska's tipple.[1] This fact was not however overlooked by the Court, and it would not change the Court's analysis. Since Colaska is a private company that wants to use ARRC's trains to transport its gravel, the fact that Colaska must coordinate its gravel loading with ARRC is a given. The evidence is that Colaska operates the tipple, while ARRC operates the rail cars. The fact that this particular method of gravel loading requires that the train be moved during the loading does not transform Colaska's operation of the tipple into "transportation by [a] rail carrier[]" as required by 49 U.S.C. § 10501(b)(1).[2]

---

[1] The fact that the tipple is owned by Colaska does not undercut Defendants' argument, since 49 U.S.C. § 10102(9) defines "transportation" "regardless of ownership or an agreement concerning use." However, the Eleventh Circuit has found that "Congress employed this language specifically to grant the ICC jurisdiction over those facilities that, while not owned by the railroad companies, were nevertheless used in interstate commerce for the benefit of either the shipping public or the railroad companies themselves." *Florida E. Coast Ry. Co. v. City of West Palm Beach*, 266 F.3d 1324, 1336 (11th Cir. 2001). Here, it seems clear that the tipple is used for the benefit of Colaska, not the shipping public in general or ARRC. Nevertheless, the Court did not rely on this grounds in its original decision, and instead assumed that the tipple constituted a form of transportation under the statute.

[2] Although Defendants have attempted to shift the focus of the argument onto the coordination that is required between Colaska, a private company, and ARRC, the statute defines "transportation" in terms of the individual pieces of equipment or property involved and the

ARRC's remaining arguments center on its contention that application of Alaska nuisance law to Colaska's gravel pit operations will undermine the usefulness of its side track that goes by the gravel pit, and therefore constitutes regulation of ARRC operations. Despite any implication to the contrary in the Court's order, the Court has not relied on any determination regarding potential incidental effects of this suit on the usefulness of the side track. While any impediment to the business of one of its rail customers could indirectly affect ARRC's use of its tracks, Defendants have presented no evidence that such incidental consequences constitute regulation of transportation by rail carriers as contemplated in 49 U.S.C. § 10501(b)(1).

### IV.  CONCLUSION

For the reasons set out above, the motion for reconsideration at docket 63 is DENIED.

Dated at Anchorage, Alaska, this 9thday of August, 2007.

/s/ Timothy Burgess
TIMOTHY M. BURGESS
U. S. DISTRICT JUDGE

---

movement of passengers or property which each piece of equipment accomplishes. "Transportation" is defined at 49 U.S.C. § 10102(9) as:

> (A) a locomotive, car, vehicle, vessel, warehouse, wharf, pier, dock yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, by rail, regardless of ownership or an agreement concerning use; and
> (B) services related to that movement, including receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, and interchange of passengers and property